**SO ORDERED.**

**SIGNED this 02 day of March, 2010.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

**IN RE:**

| | |
|---|---|
| **ROY RANDOLPH CARPENTER, JR. and** | **Case No. 09-03678-8-SWH** |
| **PENNY AVERETTE CARPENTER,** | **Chapter 13** |

      **Debtors.**

_____

## ORDER

    This case is before the court on the debtors' objection to a proof of claim filed by

Franklin SIS Corporation. A hearing took place in Raleigh, North Carolina on January 13, 2010.

## BACKGROUND

    The debtors filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code

on May 4, 2009. On June 3, 2009, Franklin SIS Corporation ("Franklin") filed a proof of claim

asserting a lien against real property in Stem, North Carolina, pursuant to a series of land sale

contracts in the total amount of $131,445.28. The debtors and Franklin entered into the first land

sale contract for the purchase of the subject property in March 1997. Under the terms of the

contract, the debtors agreed to pay the sum of $102,615.00 for the property. The contract further

reflects that the debtors paid $12,000.00 at the time of execution. The remaining balance was to

be paid in 360 monthly installments of $696.67, at an annual rate of 8.2 percent. Franklin agreed

to convey title to the debtors by general warranty deed upon the satisfaction of six monthly

installments, or alternatively, upon the payment of $500 toward the principal amount of the

purchase price. The contract further noted that the remaining balance of the purchase price

would be evidenced by a promissory note, and that payment of such balance would be secured

by a purchase money deed of trust against the property.

    As agreed upon, the debtors paid $500.00 towards the principal of the purchase price.

Accordingly, on April 17, 1997, Franklin conveyed the property to the debtors by general

warranty deed (the "1997 deed"). The 1997 deed was secured by a promissory note and deed of

trust, which was recorded. Several years later,  the debtors experienced financial difficulties and

defaulted under the terms of the note and deed of trust. On May 20, 2003, as a result of their

inability to make payments, the debtors executed a general warranty deed (the "2003 deed") for

the property to Franklin. Franklin accepted the 2003 deed in lieu of foreclosure. The 2003 deed

was then placed into one of Franklin's files, unrecorded. The debtors never relinquished control

of the property.

    A week later, on May 27, 2003, Franklin and the debtors entered into a second land sale

contract which contained the same terms as the first. No new note or deed of trust were executed

in relation to the second land sale contract because the parties anticipated that the 2003 deed

would be returned to the debtors. However, the debtors were never again successful in fulfilling

the terms of the contract under which title was to be conveyed. Instead, over the course of the

next several years, the parties continued to enter into multiple land sale contracts. This occurred

when the debtors would fall behind in payments or when Franklin would lend additional sums of

money to the debtors. Each "new" land sale contract was more of an "updated" contract,

reflecting the most recent balance owed by the debtors to Franklin. However, no further promissory note or deed of trust were executed. On May 4, 2009, the debtors filed their bankruptcy petition. Subsequent to the petition date, Franklin recorded the 2003 deed.

The debtors object to the proof of claim on the basis that the original, and only, deed of trust was rendered obsolete by the 2003 deed and subsequent land sale contracts. Therefore, the debtors contend that Franklin's claim is unsecured. On the other hand, Franklin asserts that all later dealings had no effect on the original contract, which remains secured by the deed of trust. Thus, the court must determine if the deed of trust, executed in 1997, grants Franklin a secured interest.

## ANALYSIS

Under North Carolina law, an unrecorded, but written conveyance of land is valid as between the executing parties. Daniel v. Wray, 158 N.C. App. 161, 171-72, 580 S.E.2d 711, 719 (2003). However, for a conveyance to be good against third parties, it must be recorded. N.C. Gen. Stat. § 47-18(a); Beasley v. Wilson, 267 N.C. 95, 97, 147 S.E.2d 577, 579 (1966). The 1997 deed, which was secured by the related deed of trust, is the only deed of record on the petition date. Therefore, it follows that while the unrecorded 2003 deed may have been valid as between the debtors and Franklin, it was ineffective against the rest of the world.

Nevertheless, the debtors argue that the conveyance of the 2003 deed to Franklin rendered the original deed of trust invalid. It is true that when the holder of a deed of trust also becomes the owner of that which is secured, the doctrine of merger invalidates the deed of trust. However, the doctrine of merger does not apply "[w]here the mortgagee means to keep the security alive for his own protection as against other lien or encumbrances, and also where the

3

conveyance is not intended by the parties to be in satisfaction of the mortgage debt, but only as additional security for it."  Washington Furniture Co. v. Potter, 188 N.C. 145, 146-47, 124 S.E. 122, 123 (1924)(quoting 27 Cyc., 1379).  Here, the parties did not intend that the conveyance of the 2003 deed be in satisfaction of the debt represented by the deed of trust. Rather, the 2003 deed was intended as additional security for the obligation under the deed of trust. As a result, the deed of trust is valid.

At the hearing, the question of whether the deed of trust also secures the various land sale contracts executed from 2003 forward was raised. The court finds that the note executed in relation to the debtors' original land sale contract, secured by the deed of trust, is the only secured obligation owed to Franklin. No new note or deed of trust were executed after 1997. Furthermore, there is no evidence that any of the latter transactions were meant to nullify or relate back to the note and deed of trust. Therefore, if anything, the subsequent land sale contracts created an unsecured obligation. As a result, the debtors' obligation remains secured and enforceable only to the extent that it is evidenced by the original promissory note and deed of trust.

## CONCLUSION

Based on the foregoing, the debtors' objection to Franklin's claim is DENIED. Franklin is entitled to a secured claim based on the appropriate computation of the amount due under the original agreement less any payments made by the debtors to Franklin.


## END OF DOCUMENT